## Wynne License

*George P. Bannon*, for appellant.
*Carl Vaccaro*, for respondent.

GELFAND, *J.*, January 19, 1978—This matter comes before the court on appeal by Robert Wynne (hereinafter "appellant") from a decision of the Commonwealth revoking his driver's license. Appellant was convicted on March 16, 1977, of operating a motor vehicle while intoxicated. Thereafter, when his license expired the following month, the Commonwealth refused to issue him an application for its renewal and he has been without a license since that time. Subsequently, by notice dated September 6, 1977, he was informed that his driving privileges were revoked for a one year period from May 1, 1978 to April 30, 1979, under section 616(a)(1) of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §616, due to his conviction for driving while intoxicated.[1]

Appellant filed an appeal to this court from the revocation pursuant to section 1550(a)[2], assigning as the reason therefor that the withholding of the

1. Act of April 29, 1959, P.L. 58, sec. 616, as amended by the Act of December 17, 1969, P.L. 376, sec. 1, 75 P.S. §616, which provides, in part, for a one year revocation of driving privileges by the Secretary of Revenue upon receipt of a certified record of conviction for operating a vehicle while under the influence of intoxicating liquor.

2. Act of June 17, 1976, P.L. 162, sec. 1, 75 Pa.C.S.A. §1550(a), providing that "[a]ny person denied a driver's license or whose operating privilege has been recalled, canceled, suspended or revoked by the department shall have the right to

renewal application and the subsequent imposition of a one-year ban on driving represent, in effect, the loss of driving privileges for a period of two years, whereas the statute only provides for a one-year revocation.

The Commonwealth did not file a written answer to appellant's petition and on the date of argument made an oral response in the form of a motion to quash the appeal, which was based on appellant's alleged failure to file the petition in a timely manner.

Although it would have been better and in keeping with customary procedure for a motion to quash to be made in writing and furnished to opposing counsel so that he may respond, the court nevertheless permitted the Commonwealth to proceed with its argument.

The Commonwealth, pursuant to its motion to quash, contends the appeal was filed on October 7 (i.e., 31 days after the notice of revocation was mailed) which is the date shown by the motion court time stamp on the petition itself. However, the date of filing with the prothonotary of the court of common pleas was October 6,[3] which is within the statutory time limit of 30 days.[4]

Local Court Rule 140, which governs Philadelphia Motion Court procedure, provides in section F that "[a]ll petitions which are in fact original plead-

---

appeal by filing a petition within 30 days from the date notice is mailed for a hearing in the court of common pleas of the city in which the driver resides . . . "

3. The date of filing with the prothonotary may not have been readily apparent to the Commonwealth attorney since it appears time stamped on the backer of the petition.

4. See footnote no. 2.

ings shall be filed with the *Prothonotary's* First Filing Office . . . " (Emphasis supplied.) Accordingly, since a petition for appeal constitutes an original pleading, it is appropriately filed with the prothonotary. In addition, section 1550(a) of The Vehicle Code[5] states that an appellant "shall have the right to appeal by *filing a petition* within 30 days from the date notice is mailed for a rehearing *in the court of common pleas* . . . " (Emphasis supplied.)

Hence, since the petition was filed with the prothonotary on the 30th day, we find there is no valid basis for the Commonwealth's motion to quash.

Thereafter, when the court directed its attention to the merits of the case, the Commonwealth presented no testimony but rested after having entered into the record exhibits which allegedly demonstrate the basis for the Commonwealth's decision to revoke.[6]

Accordingly, inasmuch as the Commonwealth did not refute the allegation that the length of the

5. Id. See footnote no. 2

6. C-1, Withdrawal of motor vehicle privileges

C-2, Report of the clerk of court showing the conviction or acquittal of any violation of The Vehicle Code and/or of any other act in the commission of the crime in which a motor vehicle was used

C-3, Withdrawal of motor vehicle privileges

C-4, Report of the clerk of court showing the conviction or acquittal of any violation of The Vehicle Code and/or of any other act in the commission of the crime in which a motor vehicle was used.

C-5, Certification statement

C-6, Certification

revocation exceeded the statutory period,[7] appellant's appeal must be sustained.

Consequently, this court issued the following

## ORDER

And now, January 19, 1978, after hearing of the above matter, it is hereby ordered and decreed that the appeal of the petition is sustained and the order of the Department of Transportation revoking the operators license of the petitioner for a period of one year beginning May 1, 1978, is reversed.